IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3033-F

| | |
|---|---|
| EDITH WALKER, as the Personal Representative for the Estate of Eddie Joe Walker, Deceased, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | ORDER |

This matter is before the court upon: (1) Defendant's motion to order Plaintiff to enter a notice of appearance of trial counsel ("motion to order notice of appearance")[DE-36]; and (2) Defendant's unopposed motion to stay [DE-37]. For the following reasons, both motions are ALLOWED.

On February 13, 2012, Plaintiff, as the Personal Representative for the Estate of Eddie Joe Walker, filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq.* The Complaint was signed by Keith Edmiston, as out-of-state counsel, and Seth Neyhart, as Local Rule 83.1 counsel for the Estate. Compl. [DE-1], p. 22. Plaintiff alleges that, while Mr. Walker was incarcerated at the Federal Correctional Complex in Butner, North Carolina ("FCC Butner"), Mr. Walker's "serious medical conditions were not being adequately treated." Compl. [DE-1], ¶ 70. Specifically, Plaintiff contends that Defendant negligently failed to diagnose Mr. Walker's liver cancer, and that, on June 26, 2009, Mr. Walker's "liver cancer ruptured and began

bleeding, thereby causing his death . . . ." Id. ¶¶ 34, 35. The parties apparently agree that Mr. Neyhart is a material witness in this wrongful death action.¹

On May 4, 2012, this court determined that Plaintiff's claims survived frivolity review pursuant to 28 U.S.C. § 1915A. May 4, 2012 Order [DE-5]. Likewise, on September 4, 2013, this court allowed-in-part and denied in part Defendant's motion for summary judgment. September 4, 2013 Order [DE-28]. A scheduling order was entered on October 15, 2013 [DE-31] and amended on October 21, 2013 [DE-34]. Pursuant to the amended scheduling order, the parties were required to make their Rule 26(a)(1) initial disclosures no later than November 20, 2013. October 21, 2013, Order [DE-34]. The parties informally agreed to extend this deadline until December 11, 2013.² Mot. [DE-36], p. 3. They agreed to this extension based on Mr. Edmiston's need for medical leave. Def. Ex. 1 [DE-36-1]. On December 2, 2013, Mr. Neyhart notified Defendant that Mr. Edmiston was on indefinite medical leave and would be withdrawing from the case. Def. Ex. 3 [DE-36-3]. Mr. Neyhart also indicated that he would be seeking new counsel because he will be called as a witness in this case. Id. However, a notice of appearance on behalf of Plaintiff has not been filed.³ Defendant now requests that the Court order Plaintiff to enter a notice of appearance of trial counsel

---

[1] Mr. Neyhart was visiting Eddie Joe Walker on June 26, 2009, the last day that Mr. Walker was at FCC Butner. Plaintiff relied upon Mr. Neyhart's observations in her complaint, and in her response to Defendant's motion for summary judgment. Compl. [DE-1], ¶¶ 92-102, 127; Neyhart Aff. [DE-24-2]. Mr. Neyhart has not filed any response to rebut the contention that he is a material witness and should be required to withdraw.

[2] Defendant still has not received Plaintiff's initial disclosures. Mot. [DE-38], p. 4.

[3] "Although the Fourth Circuit has not yet directly addressed the issue of whether or under what circumstances a Plaintiff may proceed pro se on behalf of an estate, other circuits have held that where an administrator or executor of an estate is not the sole beneficiary or where the estate has creditors, then he or she may not represent the estate pro se in federal court." McAdoo v. United States, No. 1:12CV328, 2014 WL 359043 (W.D.N.C. Feb. 3, 2014) (citations omitted).

2

within 30 days. Def. Mem. [DE-36], p. 8.

North Carolina prohibits attorneys from acting as trial counsel and as a material witness. NC Revised Rules Professional Conduct, Rule 3.7(a); Cunningham v. Sams, 161 N.C. App. 295, 299, 588 S.E.2d 484, 487 (2003); Spivey v. US, 912 F.2d 80, 84 (4th Cir. 1990). Mr. Neyhart apparently acknowledges that Plaintiff must retain new counsel, but this has not yet occurred. A trial court may order the withdrawal of the attorney-witness. FDIC v. Kerr, 111 F.R.D. 476, 479 (W.D.N.C. 1986). Accordingly, Defendant's motion to order notice of appearance [DE-36] is ALLOWED. Mr Neyhart is ORDERED to withdraw from this case and Plaintiff shall cause new trial counsel to enter notice of appearance no later than May 19, 2014. Plaintiff is admonished that failure to comply with this order will result in the dismissal of this action without prejudice for failure to prosecute.

Finally, in this posture, the parties jointly request [DE-37] that discovery be stayed until these issues are resolved. That request is ALLOWED, and discovery in this case is stayed. The stay will be lifted and an amended scheduling order will be entered when a notice of appearance is filed on behalf of Plaintiff.

SO ORDERED. This the 16 day of April, 2014.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge